UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN LONDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-498-SLP |
| | ) |
| OGE ELECTRIC COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kevin London, proceeding pro se, filed a Complaint, Doc. 1, and an Amended Complaint, Doc. 6, indicating he brings this action alleging violations of his civil rights. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 2, and an Amended Application to Proceed in District Court Without Prepaying Fees or Costs ("Amended Application"). Doc. 7. United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court:

- dismiss Plaintiff's Amended Complaint without prejudice;
- deny Plaintiff's Application and Amended Application; and
- dismiss this action without prejudice.

I. **Discussion**

   A. **Plaintiff's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 8(a).**

The Court initially reviewed Plaintiff's Complaint, Doc. 1, and determined it did not comply with Federal Rule of Civil Procedure 8. Doc. 5. The Court explained the deficiencies in Plaintiff's Complaint, ordered Plaintiff to file an amended complaint, and warned that failure to comply with the order may result in dismissal of the action. *Id.* Although Plaintiff filed an Amended Complaint, Doc. 6, he failed to cure the deficiencies outlined in the Court's order.

In Plaintiff's Amended Complaint, he asserts one claim against OGE Electric Company and the State of Oklahoma.[1] Doc. 6. Plaintiff provides the following explanation for each Defendant's actions under color of state law:

> OGE/the State of Oklahoma have oppressed the name Kevin London while in their full capacity been fully aware of their actions confirmed by the US Gov and also OGE and the States of Oklahoma had did defamation of character on his name/tribe without having evidence of what they were claiming no facts.

Doc. 6 at 3 (some spelling and capitalization altered). He states that the events giving rise to his claim occurred from "a false address giving in the bill of exchange," and asserts the following facts as underlying his claim:

---

[1] Plaintiff added the State of Oklahoma as a defendant in his Amended Complaint. Doc. 6.

> We as the US Gov[2] took a loss from our property the corporation committed fraud identity theft against our property Kevin London by the corporations by them not providing proof on record in writing about our property Kevin London actual identity records we have a identity switch going on because Kevin London is fed bound on record.

*Id.* (some spelling and capitalization altered).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a pro se plaintiff must still follow the rules of federal procedure. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Federal Rules of Civil Procedure require a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint under Rule 8 must "give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and [] apprise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (internal quotation marks omitted). A pro se complaint may be dismissed under Rule 8(a) if it is "incomprehensible." *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996).

Plaintiff's Amended Complaint falls far short of providing notice to Defendants of the claims brought against them. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

---

[2] The Amended Complaint also purports to add the "US Government" as a plaintiff. Doc. 6 at 1-2, 5. Given other deficiencies with Plaintiff's Amended Complaint, the Court need not separately address this improper form of pleading.

1158, 1163 (10th Cir. 2007) (explaining that under Rule 8, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated"). Plaintiff's allegations in his Amended Complaint are unintelligible. He gives no explanation of which federal laws Defendants allegedly violated; nor does he explain how his rights were violated. As such, Plaintiff's Amended Complaint does not comply with the requirements of Rule 8(a) and should be dismissed without prejudice. *See Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (affirming dismissal of an "incomprehensible" complaint under Rule 8(a)); *Moser v. Oklahoma*, 118 F. App'x 378, 380-81 (10th Cir. 2004) (same).

      **B.**    **Plaintiff's Application and Amended Application should be denied.**

After initial review of Plaintiff's Application, Doc. 2, the Court explained the Application's deficiencies, ordered Plaintiff to file an amended application, and warned that failure to comply with the order may result in dismissal of the action. Doc. 5. Specifically, the Court explained to Plaintiff that, although he claimed in his Application to have no income, money, assets, or living expenses, the Court presumed he had some regular expenses and Plaintiff must explain how he how he met his living expenses with no income or assets. Doc. 5 at 3. Although Plaintiff filed an Amended Complaint, he failed to cure the deficiencies outlined in the Court's order. Doc. 7.

Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right

4

– fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (internal quotation marks omitted). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

An incomplete application to proceed IFP is often insufficient to establish that IFP status should be granted. *See Lister*, 408 F.3d at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information."). Here, the Court specifically instructed Plaintiff regarding information required to grant IFP status. Plaintiff, however, failed to provide the requisite information, rendering his Amended Application incomplete about a material issue. Accordingly, Plaintiff's Amended Application is insufficient to grant him IFP status. Additionally, as set forth above, Plaintiff does not present "a reasoned, nonfrivolous argument," *id.* at 1312, to support his Amended Complaint. As such, Plaintiff cannot succeed on his request to proceed in forma pauperis, and his Application, Doc. 2, and Amended Application, Doc. 7, should be denied.

**C.   This action should be dismissed under Federal Rule of Civil Procedure 41(b).**

If a plaintiff "fails . . . to comply with these rules or a court order," the Court may dismiss the action. Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (recognizing a court's authority to dismiss actions sua sponte under

5

Rule 41(b)).  If the dismissal is without prejudice, the Court generally need not follow "any particular procedures" in entering the dismissal order.  *AdvantEdge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Here, Plaintiff has failed to comply with the Court's order to cure the deficiencies and comply with Rule 8 in his Amended Complaint.  *See* Docs. 5, 6.  He has also failed to comply with the Court's order to cure the deficiencies in his Amended Application.  *See* Docs. 5, 7.  These failures leave the Court unable "to achieve [an] orderly and expeditious" resolution of this action.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  Accordingly, in light of the Court's right and responsibility to manage its cases, the undersigned recommends dismissal of the action without prejudice.

## II.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court:

- **DISMISS** the Amended Complaint **WITHOUT PREJUDICE**;
- **DENY** the Application and Amended Application; and
- **DISMISS** this action **WITHOUT PREJUDICE**.

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than June 27, 2025.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 6th day of June, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE